# ATTACHMENT B
# ITEMS TO BE SEIZED AND SEARCHED

## Section I

1. This warrant authorizes the search and seizure of a cellular telephone with phone number 231-670-9080 ("DEVICE") from the source identified in Attachment A:

   a. Evidence of who used, owned, or controlled the DEVICE, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b. Evidence of software that would allow someone or something other than the user to control the DEVICE, such as viruses, Trojan horses, spyware, malware, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. Evidence of the lack of such malicious software on the DEVICE;

   d. Evidence of software designed to protect the DEVICE from other persons, software, devices, or intrusions that may attempt to infiltrate, access, or control the DEVICE, such as pop-up blockers, security software, password protection, and encryption;

   e. Evidence of other storage devices being attached to the DEVICE;

   f. Evidence of counter-forensic programs and hard drive/computer cleaning programs (and associated data) that are designed to eliminate data from the DEVICE or frustrate the efforts of law enforcement to locate evidence on the DEVICE;

   g. Evidence of the times the DEVICE was used;

   h. Evidence of where the DEVICE was used, including evidence of wireless Internet networks and Internet Protocol (IP) addresses;

   i. Passwords, encryption keys, and other access devices or programs that may be necessary to access the DEVICE;

   j. Correspondence and contact information involving the offenses identified in Section II;

   k. Records of or information about Internet Protocol addresses used by the DEVICE;

l.  Records of or information about the DEVICE's Internet activity: firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m.  Any and all records, documents, invoices, notes and materials that pertain to accounts with any Internet Service Provider, as well as any and all records relating to the ownership or use of DEVICE;

n.  Credit card information, bills, mail, correspondence, and payment records indicating who owns and/or controls the DEVICE; and

o.  Additional information and records regarding the ownership and/or possession of the searched premises or DEVICES.

2. During the execution of the search of the source identified in Attachment A, and for the purpose of attempting to unlock the DEVICE in order to search the contents as authorized by this warrant, law enforcement personnel are authorized to: (A) press RAYMOND CARR Jr.'s fingers (including thumbs) to the Touch ID or fingerprint sensor on the DEVICE; and/or (B) apply the facial recognition feature on the DEVICE to CARR.

### Section II

The DEVICE identified in Section I shall be searched and seized to locate property, evidence, fruits, and instrumentalities of violations of aggravated sexual abuse (18 U.S.C. § 2241(c)), coercion and enticement of minors (18 U.S.C. § 2422(b)), and interstate travel for purposes of engaging in illicit sexual conduct (18 U.S.C. § 2423(b)).